UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                             Plaintiff,        CIVIL CASE NO. 92-40157

v.

                                           HONORABLE PAUL V. GADOLA

CERTAIN REAL PROPERTY LOCATED AT     U.S. DISTRICT JUDGE
6185 BRANDYWINE DRIVE,

                           Defendant.

_____/

## **ORDER**

On April 10, 2007, Defendant/Petitioner ("Petitioner") filed a renewed motion to set aside

a forfeiture, pursuant to Federal Rule of Civil Procedure 60(b).[1]  In support of his motion, Petitioner

filed three separate filings– labeled as "declaration" or "memorandum"–  that totaled 129 pages

*exclusive* of the exhibits attached.  Petitioner also filed a motion for leave to file excess pages.

Petitioner's motion to enlarge indicated that due to the "unusual and unusually protracted, multi-

forum nature of litigation regarding the void consent judgment of forfeiture in the above-captioned

matter, it has not been possible to provide the District Court with an adequate record to consider all

aspects of the renewed Rule 60(b)(4) motion and adhere to the 20-page limit specified by the local

rules."

On May 11, 2007, the Government filed a response to Petitioner's motion to which

Petitioner subsequently filed a 29-page reply on May 21, 2007.  On May 30, 2007, the Court struck

Petitioner's reply brief, indicating that the brief was in violation of Eastern District of Michigan

---

[1] By the Court's count, this is Petitioner's sixth such motion pursuant to Rule 60(b).

Local Rules 5.1(a) and 7.1(c)(3)(B). Considering that the Government had already filed a response to Petitioner's enlarged "declaration" and "memorandum," the Court accepted Petitioner's April 10, 2007 filings. Although the Court accepted Petitioner's April 10, 2007 declarations and memorandum in support of his 60(b) motion, the Court did *not* grant Petitioner's motion for leave to file excess pages.

Petitioner has now re-filed his twenty-nine page reply brief. Upon cursory review by the Court, the new reply brief appears to be identical to the reply brief that was filed by Petitioner on May 21, 2007 – and was stricken by the Court. Petitioner, however, has added a footnote to the new brief indicating that Petitioner had previously filed a motion to file excess pages, that the Court had granted this motion to enlarge, and that the Court's striking of the original May 21, 2007 reply brief was an apparent oversight in light of these facts.

Petitioner is wrong. The Court's June 7, 2007 order did not grant Petitioner's motion to enlarge; the order only accepted Petitioner's oversized April 10, 2007 filings.[2] A careful reading of the language of the order makes it patently clear that the order accepting the filings did not grant Petitioner permission to file the enlarged reply brief. This was not an oversight by the Court. Indeed, the Court cannot find any reason why Petitioner should be allowed to file a twenty-nine page reply brief– a brief that is nearly six times the standard length allowed– in contravention of E.D. Mich. LR 7.1(c)(3)(b). This is especially true in light of the fact that Petitioner has already

---

[2]Although a minor point, the Court notes that Petitioner did not request an enlargement with respect to his reply brief. Petitioner requested that he be allowed a variance from "the 20-page limit specified by the local rules." The 20-page limit applies only to briefs supporting a motion or response, *see* E.D. Mich. LR 7.1(c)(3)(A), not to reply briefs which have a five page limit. *See* E.D. Mich. LR 7.1(c)(3)(B). Therefore, the request to modify the 20-page limit was not a request to file excess pages with respect to the reply brief, but only one to exceed the limit as to the motion brief.

been allowed to file 129 pages in support of his Rule 60(b) motion. It is hard for this Court to imagine any arguments that could not have been adequately set forth within Petitioner's 129 pages of initial filings that would be relevant to the merits of the motion. Accordingly, Petitioner's second reply brief [docket entry #206] will be stricken from the record.

Additionally, the Court notes that throughout the recent history of this matter, Attorney Jeffrey Blum, counsel for Petitioner, has contacted the Court by telephone seeking either information and advice related to various procedural matters or requesting an interpretation of the certain orders of the Court. The Court has repeatedly advised Attorney Blum that the Court may not conduct *ex parte* communications on the merits of a case or on procedures affecting the merits of a case. *See* Canon 3(A)(4) of the Code of Conduct for United States Judges. Nevertheless, Blum has continued to contact the Court on several occasions. Furthermore, in response to inquiries by Blum, the Court advised him that although the Court would duly consider the merits of any motion *properly* brought before the Court, *see* Fed. R. Civ. P. 7(b)(1) ( "[a]n application to the court for an order **shall be by motion** which . . . shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."(emphasis added)), the Court would not consider documents relating to the merits of a case if they are not properly filed through the electronic docketing system. *See* E.D. Mich. LR 5.1.1(a) ("[A]ll papers . . . must be filed electronically.").

In but one example of Petitioner's troubling conduct, the Court references Attorney Blum's communications of July 11, 2007. On that date, Attorney Blum contacted the Court by telephone and indicated that he wished to fax a document to the Court. A member of this Chamber's staff

indicated that correspondence by fax would not be accepted by the Court. *See* E.D. Mich. LR 5.1.1(d) ("Filing by electronic means does *not* include filing by facsimile transmission.") (emphasis added). A short time after this conversation with Blum, the Court received a letter that had been faxed to the Clerk of the Court's office by Blum.

As troubling as this incident is to the Court, the Court is more troubled by the information gleaned from the informal discussions it had with the Clerk of the Court's office regarding the faxed letter. Blum apparently made separate calls to both Chambers, and the Clerk's office, asserting to each that the other gave him permission to fax the letter. When calling Chambers, Blum indicated that because the Clerk of the Court had already given him permission to fax it directly to the Clerk's office, and because the Clerk would inevitably deliver it to Chambers, the Court should simply accept the fax directly from Blum. As described above, the Court refused Blum's offer and indicated that correspondence by fax would not be accepted by the Court. When speaking with the Clerk's office, Blum allegedly represented that the Court had given him permission to fax the document to the Clerk's office and, due to the importance of the matter, the Clerk should deliver the fax to Chambers. Although the Clerk's office initially refused to give Blum the fax number, when he called the Clerk's office for the second time, believing the matter was of importance to the Court, the Clerk of the Court relented, accepted the fax, and ultimately delivered it to the Court. Because the Court had expressly told Attorney Blum that such an un-docketed paper would not be accepted by the Court, upon receipt of the document from the Clerk it was promptly shredded without any substantive consideration.

Given the direct violation of the Court's directive that it would not accept such a fax, not to

mention the apparent deceptive actions by Blum, the Court's shredding of the document was a minimal repercussion for Blum's conduct. Attorney Blum's actions and statements, if fully substantiated as they have been represented to the Court, could clearly be grounds for sanctions.[3]

Nevertheless, with respect to the actions and misrepresentations by Blum, the Court will not now add to the already extensive and nettlesome record of this fifteen year-old case. Attorney Blum is advised, however, that any future contact with the Court in contravention of the applicable Federal Rules of Civil Procedure, Local Rules for the Eastern District of Michigan, or the Civility Principles of the Eastern District of Michigan, may result in sanctions and/or any other remedy the Court deems appropriate to rectify the situation.

**ACCORDINGLY, IT IS HEREBY ORDERED** that, to the extent not inconsistent with this order, the Government's motion [docket entry #208] to strike Petitioner's second reply brief is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's second reply brief [docket entry #206] is **STRICKEN** from the record of this case. Petitioner may file a proper reply brief, in conformity with all applicable rules, within five (5) days after the entry of this order.

**SO ORDERED.**

Dated:   July 17, 2007                              s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

---

[3]The Court does not exclude the possibility that, if appropriate, such a matter could be referred to the relevant authorities for attorney disciplinary proceedings.

Certificate of Service

I hereby certify that on __July 17, 2007___ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: __Jeffrey M. Blum; Gary J. Galopin; Robert W. Haviland_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.

s/Ruth A. Brissaud_____
Ruth A. Brissaud, Case Manager
(810) 341-7845